IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

MICHAEL T. JONES,
    Petitioner,

-vs-

LORIE DAVIS-DIRECTOR TDCJ-CID,
    Respondent.

CAUSE NO.:
A-16-CA-00619-SS

## O R D E R

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically Petitioner Michael T. Jones's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1], the Report and Recommendation of United States Magistrate Judge Andrew W. Austin [#4], Jones's Objections [#7] thereto, Jones's Supplemental Objections [#8] thereto, and Jones's Motion to Stay and Abeyance [#9]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following opinion and orders.

All matters in this case were referred to United States Magistrate Judge Andrew W. Austin for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 1(f) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges. Jones is entitled to de novo review of the portions of the Magistrate Judge's report to which he filed specific objections. 28 U.S.C. § 636(b)(1). All other review is for plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc). Nevertheless, this Court has reviewed the entire file de novo, and agrees with the Magistrate Judge's recommendation.



## Background

Petitioner Michael T. Jones was in state custody pursuant to a judgment and sentence for aggravated robbery with a deadly weapon. Jones was released from custody into mandatory supervision on three separate occasions: December 20, 2002, December 8, 2011, and November 9, 2012. Following each release, Jones's mandatory supervision was revoked.

In his application for writ of habeas corpus, Jones claims an erroneous adjustment to his time credit was made on November 13, 2015 in violation of his due process rights. *See Ex parte Jones*, WR-16,561-22. On March 30, 2016, the Texas Court of Criminal Appeals dismissed his application, because Jones failed to comply with § 501.0081(b) of the Texas Government Code, which requires prisoners to seek administrative review of their time credit dispute before filing a state habeas application. *See* TEX. GOV'T CODE § 501.0081(b). The instant petition followed.

## Analysis

A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. *Sterling v. Scott*, 57 F.3d 451, 453 (5th Cir. 1995). Section 2254(b) provides that:

(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

    (A)    the applicant has exhausted the remedies available in the courts of the State; or

    (B)    (i)    there is an absence of available State corrective process; or
              (ii)   circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254(b)(1). This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction. *Picard v. Connor*, 404 U.S. 270, 275–76 (1971). The purpose and policy

underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings. *Rose v. Lundy*, 455 U.S. 509, 518 (1982) (citing *Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 490–91 (1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims." *Castille v. Peoples*, 489 U.S. 346, 349 (1989). To properly exhaust, a petitioner must "'fairly present[]' his legal claim to the highest state court in a procedurally proper manner." *Nickleson v. Stephens*, 803 F.3d 748 753 (5th Cir. 2015) (quoting *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004)). In Texas, exhaustion requires presentation of the petitioner's claims to the Texas Court of Criminal Appeals. *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985). Failure to exhaust any claim requires dismissal of the entire petition. *Castille v. Peoples*, 489 U.S. 346, 349 (1989).

In this case, Jones has failed to exhaust his state remedies. Because he has not yet sought administrative review of his time credit dispute as required by § 501.0081(b) of the Texas Government Code, his legal claim has not been fairly presented to the Texas Court of Criminal Appeals, and is therefore unexhausted. Moreover, Jones has failed to show special circumstances exist warranting excuse from the exhaustion requirement. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) ("The exhaustion requirement is excused only in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court inference." (quoting *Ex parte Hawk*, 321 U.S. 114, 118 (1944)). Accordingly, Jones's Motion to Stay is DENIED, and his petition for writ of habeas corpus is DISMISSED.

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a proceeding under § 2254 "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Proceedings, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a movant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In cases where a district court rejects a movant's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, reasonable jurists could not debate the dismissal of Jones's § 2254 petition on substantive or procedural grounds, nor find the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484)). Thus, a certificate of appealability shall not issue.

## Conclusion

Accordingly,

4

IT IS ORDERED that Petitioner Michael T. Jones's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 [#1] is DISMISSED WITHOUT PREJUDICE for failure to exhaust state remedies; and

IT IS FINALLY ORDERED that Petitioner Michael T. Jones's Motion to Stay and Abeyance [#9] is DENIED.

SIGNED this the 30th day of June 2016.

*[signature: Sam Sparks]*
SAM SPARKS
UNITED STATES DISTRICT JUDGE